DANIEL CONDIT v. AARON BALDWIN AND MOSES A. BALDWIN.

In Debt, on Demurrer.

1. In an action upon a bond, taken under the 10th sec. of the act constituting Courts for the trial of small causes, it is not necessary for the plaintiff to allege in the declaration, that he filed his complaint before the Justice,

or that he appeared before the Justice to prosecute his complaint, at the time mentioned in the bond.

2. It is sufficient to assign the breach, in words containing the sense and substance of the contract..

*E. W. Whelply* for plaintiff.

*Theodore Little* for defendant.

The opinion of the Court, was delivered by

ELMER, J.    This cause is brought here, upon a case certified by the Circuit Court of Morris, and submitted upon the briefs of counsel.    The declaration sets forth, that on the 26th July, 1841, the plaintiff sued out of the court for the trial of small causes, before David Day Esq. in the county of Morris, a warrant, whereby any constable of the county of Morris was commanded to take Timothy Condit and Aaron Baldwin, if they might be found in said county, and them safely keep, so that he might have their bodies forthwith before the said David Day, to answer the plaintiff (by the name of Daniel Condit assignee of Joel W. Condit,) in a plea of debt of one hundred dollars, which warrant was duly indorsed with the sum of one hundred dollars demanded by plaintiff and one dollar sixteen and a half cents costs, which warrant was on the same day delivered to Felix A. Hinchman a constable of said county to be executed ; by virtue whereof on the 4th Nov. 1841, the said Aaron Baldwin was arrested, (the other defendant not being found in the county.) And the said Baldwin being so arrested, and in the custody of the constable, did enter into bond to the plaintiff, assignee of Joel W. Condit, with Moses A. Baldwin as surety, according to the statute in such case made and provided,. whereby and wherein the said Aaron Baldwin and Moses A. Baldwin, the defendants, acknowledged themselves indebted to Daniel Condit, assignee of Joel W. Condit, the plaintiff in this suit, in the sum of one hundred and one dollars and sixteen cents and a half, to be paid to the said Daniel Condit assignee of Joel W. Condit, on the following conditions : That if the said Aaron Baldwin should be and appear before David Day, Esq. one of the Justices of the Peace of the county of Morris, at his office in Morristown, on the 11th day of November, then instant, at two o'clock in the afternoon,

and answer unto the complaint of the said Daniel Condit assignee of Joel W. Condit, then the said bond was to be void, or else to be and remain in full force and virtue; as by the said bond sealed &c. "That the said Constable, on the 11th Nov. 1841, in due form of law, made return of the said warrant, to the said Justice, with the before recited bond annexed," and setting forth the return at length. The declaration further alleges, "that the said Aaron Baldwin, did not appear before the said David Day, on the said 11th day of November, 1841, at two o'clock in the afternoon of said day, or at any other time on the said 11th day of November, according to the condition of the said bond, but therein wholly failed and made default, whereby the said writing obligatory became forfeited. By means of which said several premises an action hath accrued to the plaintiff to have and demand from the defendants, the said sum of one hundred and one dollars and sixteen and a half cents, above demanded;" and the usual conclusion in debt.

To which declaration the defendants have filed a general demurrer—and the plaintiff joined in demurrer.

The cause is submitted upon written arguments. The counsel of the defendants, alleges in his brief, that the declaration is insufficient, because the plaintiff does not aver in his declaration, "That the plaintiff filed his complaint upon the return of the warrant: and that on the day of appearance mentioned in the bond, he appeared before the justice in order to prosecute his complaint, but the defendant did not appear and answer thereto."

And again, "that the breach of the condition of the bond is not well assigned."

What is the nature, character and extent of the bond declared on?

In the case of *Camman* v. *Randolph and Randolph*, 2 *Halst.* 136, the court decided, that where a defendant was arrested and gave bond like the present, but failed to appear before the justice at the day of appearance, the justice could not try the cause in his absence, and the judgment rendered against the defendant was reversed.

The reasons for this decision are not stated, but they may be collected from the report of the case to be, that the statute not having made any provision for proceeding in his absence in such

a case, the cause was at an end, and the remedy of the plaintiff was upon the bond. The common law does not permit a declaration to be filed until the parties are in court. The statute does not authorize the justice to proceed in the cause, upon the non-appearance of the defendant. In the case of a summons, where it has been duly served and returned, and where a recognizance has been taken, the statute authorizes the justice to proceed in the cause to judgment, although the defendant does not appear. If the justice had no right to proceed in the cause, try the same, and render judgment, because the defendant did not appear, it certainly could not be the duty of the plaintiff to file his complaint or demand. For what purpose should it be filed? It would be an unauthorized proceeding, to receive and file a complaint before the defendant was in court. The justice could not proceed and inquire into the truth of it; wherefore then, require it to be filed? It cannot justly be considered, as is argued, an abandonment of the suit, because the plaintiff did not do an act, which he was not bound to do, and would have been entirely useless, and which, to make the most of it, would have been of questionable legality.

Again, the condition of the bond is, that Aaron Baldwin should appear and answer the complaint of the plaintiff—no condition annexed, that he would appear and answer the complaint, provided the plaintiff appeared and filed a complaint. If Baldwin had appeared on the 11th November, it would have been a performance of the condition of the bond, whether the plaintiff appeared and filed his complaint or not; the non-appearance of Baldwin is the breach of the condition. The object of the bond is to secure the personal appearance and attendance of the defendant, at the time mentioned therein to answer the plaintiff, and if judgment be entered for him, execution may be issued immediately, and the defendant arrested. The constable is bound to attend for that purpose.

Again, in the case of *Graecen* v. *Allen*, 2 *Green* 74, and in 7 *Halst.* 203, such a bond as this, is considered in its legal effect, a bail bond, and has been called and treated as such, in this court, if so, the rules which govern proceedings on bail bonds should be applied to cases of this kind. It cannot be said, that the declaration on a bail bond, should state the filing of a declaration by

the plaintiff, or that the plaintiff was prepared to file a declara-tion if the defendant had appeared.

It was not necessary for the plaintiff in this case, to allege in the declaration, that he filed his complaint before the justice, or that he appeared before the justice to prosecute his complaint, at the time mentioned in the bond. If the defendant did not appear, the bond was forfeited. If the defendant did appear, he can so plead to the declaration, and the truth of the plea be ascertained by a jury.

Another question arises, whether the breach of the condition, be well assigned or not?

If we test the declaration, by the rules of pleading in actions upon bail bonds, there is not any thing substantial in this objec-tion. The condition of the bond is, " if the said Aaron Bald-win, should be and appear on &c. and answer unto the com-plaint " &c. The breach assigned is, the defendant did not ap-pear, on &c. according to the condition &c. This is substantially the form of a declaration upon a bail bond, 2 *Ch. Pl.* 164.

In 1 *Chitty's Pleading*, referred to by defendant's counsel, it is said; " in general if a breach be assigned in words containing the sense and substance of the contract, though they are not in the precise words of such contract, it is sufficient." The breach here is according to the sense and substance of the contract; the undertaking was that Baldwin should appear and answer &c. the breach is he did not appear according to the condition of the bond, which negatives the whole condition, because if he did not appear he could not answer.

It is further said, the breach is not well assigned, because there is no " *data* " given to regulate the amount of damages. In an action upon a bail bond, no other data is given by which to estimate the amount to be recovered, than the sum mentioned in the bond—there is no statement of the amount due from the de-fendant in the original action to the plaintiff. If judgment be entered on the bail bond, it is entered for the penalty, which can be discharged only by the payment of the whole sum. After action commenced on bail bond, in the same court where the ori-ginal action was instituted, the court is authorized upon certain terms mentioned in the statute, to stay proceedings upon it to give the defendant an opportunity to contest and determine by

trial, the amount due to the plaintiff in the original suit. But if plaintiff might have had judgment in the original action the proceedings on the bail bond will not be stayed, and judgment will be entered for the sum for which the bond is given. There is no mode prescribed, to ascertain the amount due in the original action, in the suit upon the bail bond. The judgment in this case, must be entered for the amount of the bond, unless the defendant can make out a legal defence, and execution issue accordingly, unless the court, according to the case of *Graecen* v. *Allen,* shall institute a proceeding between the parties, to ascertain how much was due the plaintiff at the time of issuing the warrant by the justice in the suit before him, but that matter is not before the court upon this demurrer.

I am of opinion judgment should be rendered for the plaintiff on the demurrer, and that the Circuit be advised accordingly.

*Judgment advised to be given for plaintiff on the demurrer.*